**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Mary Beth Maloney
Direct: +1 212.351.2315
Fax: +1 212.351.6315
MMaloney@gibsondunn.com

July 19, 2021

VIA E-MAIL AND ECF

The Honorable Andrew L. Carter, Jr.
District Judge
United States District Court
40 Foley Square, Room 435
New York, NY 10007

Re:   Pre-Motion Conference in *Kennedy Lewis Partners Master Fund, et al. v. Abry Partners, LLC, et al.*, 21-cv-04690

Dear Judge Carter:

Pursuant to Rule II(A) of Your Individual Practices, I write on behalf of certain Defendants in the above-captioned case to explain our anticipated motion to dismiss or, in the alternative, to transfer venue, and to request a pre-motion conference.[1] Plaintiffs' breach of contract claims relate to agreements and issues already heard and resolved by the Honorable Christopher S. Sontchi in the United States Bankruptcy Court for the District of Delaware in an ongoing bankruptcy proceeding, *where Plaintiffs are represented and have appeared at every stage*. Their claims should, therefore, be dismissed or returned to Delaware.

On September 14, 2020, in response to the devastating effects of the COVID-19 pandemic, Town Sports International, LLC, and certain affiliates (collectively, "Town Sports"), sought chapter 11 protection.[2] To avoid liquidation, Town Sports determined to sell substantially all of its assets to a new entity ("NewCo"). NewCo would be funded by a third party and would purchase Town Sports' assets with (a) cash and assumption of liabilities plus (b) a "credit bid" of outstanding loans. A credit bid was one remedy contractually available exclusively to our clients as the holders of a majority of Town Sports' debt—that is, as the "Required Lenders" under the credit and security agreements (the "Agreements")—and is expressly authorized under Section 363(k) of the Bankruptcy Code and the sale order entered in the Bankruptcy Proceeding. Because a credit bid is a remedy under the Agreements, only the Required Lenders can exercise it—NewCo itself had no right to credit bid. To close the sale, therefore, our clients anticipated directing or contributing the credit bid to NewCo in exchange for a minority equity stake in NewCo and the receipt of subordinated debt. *See* Dkt. 1-1 § 7.1. *All* secured lenders would be bound by the credit bid and would receive this same consideration

---

[1] We represent Abry Partners, LLC; CIFC Asset Management LLC; Apex Credit Partners, LLC, Ellington Management Group, L.L.C., and Trimaran Advisors Management, L.L.C.

[2] *See* Dkt. 1, Complaint ("Compl.") ¶¶ 1-3, 32 (identifying *In re Town Sports International, LLC., et al.*, Case No. 20-12168 (Bankr. D. Del.) (CSS) ("Bankruptcy Proceeding")).

*(Cont'd on next page)*

**GIBSON DUNN**

The Honorable Andrew L. Carter, Jr.
July 19, 2021
Page 2

pro-rata.[3] Plaintiffs now allege that the Required Lenders could not credit bid or contribute the credit bid to NewCo, Compl. ¶¶ 50-51, but the Agreements' plain language permits the Required Lenders to bid *the entirety of all* outstanding debt, including debt held by minority lenders (Plaintiffs), as currency in a sale process.[4] There are no restrictions or conditionality that limit the Required Lenders' ability to exercise the credit bid right under the Agreements and Plaintiffs do not identify any. During the Bankruptcy Proceeding, counsel for Plaintiffs never objected to our clients' authority to credit bid or contribute the credit bid.

When the third party failed to fund NewCo, our clients chose not to, and were not required under the Agreements to, direct the Collateral Agent[5] to credit bid or contribute the credit bid. Dkt. 1-1 § 7.1; Compl. ¶ 29 (limiting enforcement of loan "default" remedies "only by the action of the Collateral Agent **acting upon the instructions of the Required Secured Creditors**" (emphasis added)). Without the credit bid, the sale could not close. Hoping to force the Required Lenders to credit bid, Town Sports sought court intervention; Judge Sontchi requested briefing and oral argument as to whether the credit bid had been made or contributed under the terms of the Agreements. Under the Agreements, Plaintiffs, as minority lenders, have limited rights, and the Required Lenders bear no fiduciary duties with respect to exercising remedies. Plaintiffs appeared but did not brief or argue—much less seek reconsideration, a stay, or appeal—the contractual breach allegations they now raise in their Complaint.

On November 30, 2020, over Defendants' objection, against the backdrop of a potential Town Sports liquidation and the attendant loss of jobs, and after adjudicating the same contractual language Plaintiffs cite in their Complaint, Judge Sontchi ordered that (1) Defendants had directed the Collateral Agent to contribute the credit bid to NewCo pursuant to the terms of the Agreements or (2) if such direction had not been given, such direction was equitably deemed to have occurred as a matter of law. *Id.* ¶¶ 36-46; *see also* Bankr. Proceeding Dkts. 777 (Hearing Transcript), 720 (the "Credit Bid Order"). Given this history and for the

---

[3] The Agreements provide, "any action taken by the Required Lenders . . . or the Collateral Agent (at the direction of the Required Lenders . . .) . . . shall be authorized and binding upon all of the Lenders." Dkt. 1-1 at § 12.10(a); *see also* Compl. ¶ 28. As "Lenders," Plaintiffs are bound by Defendants' or the Collateral Agents' actions. *See* Compl. ¶¶ 4-5, 31-32.

[4] It is uncontested that Defendants held more than 50% of Town Sports' outstanding debt, constituted "Required Lenders" and "Required Secured Lenders," and had the right to direct the credit bid of all debt under the Agreements. *See* Compl. ¶¶ 4-5, 28-29; Dkt. 1-1 § 1.01; Dkt. 1-2 §§ 7.1, 9.

[5] The "Collateral Agent" (also a Defendant) is the "Administrative Agent acting as collateral agent for the Secured Creditors pursuant to the Security [Agreement]" and has certain obligations to the Required Lenders. Dkt. 1-1 § 1.01 (see also, e.g., §§ 6.10, 8.11, 9.12).

The Honorable Andrew L. Carter, Jr.
July 19, 2021
Page 3

following reasons, this Action should be dismissed or sent back to Judge Sontchi:

**1.  Claim Preclusion, Issue Preclusion and Law of the Case Bar This Action**: Claims are precluded where the prior action adjudicated the merits and involved the plaintiffs, and the claims "could have been raised in the prior action." *Monahan v. N.Y.C. Dept. Of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).  Courts preclude issues from being re-litigated where they are the same across actions and were adjudicated in the prior action after plaintiffs were afforded a "full and fair opportunity" to litigate and the issues decided were necessary to a final judgment.  *Central Hudson Gas Elec. v. Empresa Naviera*, 56 F.3d 359, 368 (2d Cir. 1995).  Law of the case requires that a decided rule of law govern subsequent stages of a case, including adherence to another court's ruling in a closely related case.  *See Brown v. New York*, 975 F. Supp. 2d 209, 220 (N.D.N.Y. 2013).  After briefing and argument on the identical contractual provisions at issue here, Judge Sontchi confirmed Defendants' authority and held the credit bid had been, or was deemed to be, contributed to NewCo.  Though appearing in that action, Plaintiffs chose not to object or appeal the decision.  Plaintiffs' breach of contract claims require finding the credit bid was unauthorized; but that has been resolved.

**2.  The Complaint Fails to State a Claim for Relief under Rule 12(b)(6)**:  "[T]he Court may dismiss a breach of contract claim for failure to state a claim if the 'plain language' of the contract contradicts or fails to support the plaintiff's allegations of breach." *Perks v. TD Bank, N.A.*, 444 F. Supp. 3d 635, 639 (S.D.N.Y. 2020).  Here, the Security Agreement provides that only the Collateral Agent may enforce or seek to enforce its terms and that "*no other Secured Creditor* shall have any right individually" regarding application or enforcement.  Dkt. 1-2 § 7.1(xi) (emphasis added).  This broad and common no-action clause bars lawsuits by minority lenders unhappy with the majority's contractually-authorized conduct. *McMahan & Co. v. Wherehouse Ent., Inc.*, 65 F.3d 1044, 1050 (2d Cir. 1995).  Second, the cited Agreements' plain language, Compl. ¶¶ 50-51, belies Plaintiffs' allegation that the Required Lenders could not credit bid or contribute the credit bid to NewCo.  Third, Plaintiffs identify no contractual provision Defendants would have breached by contributing the credit bid.  Finally, our clients exercised remedies contractually available to them alone as Required Lenders; they did not amend the Credit Agreement. *Id*. ¶¶ 66-68; *see also In re Chrysler LLC*, 405 B.R. 84, 103 (Bankr. S.D.N.Y. 2009).

**3. In the Alternative, This Action Belongs in Delaware**: Under 28 U.S.C. § 1334, the Delaware Bankruptcy Court has subject matter jurisdiction. *See also* Compl. ¶ 21; *In Matter of Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016).  Judge Sontchi has also explicitly and consistently retained jurisdiction through the sale order, the asset purchase agreement, and the confirmed plan of reorganization, *In re Town Sports,* Dkt. Nos. 639, 828—his court should be "presumed" to be the correct forum, *see Credit Suisse AG v. Appaloosa Inv. Ltd. P'ship I*, No. 15-CV-3474 SAS, 2015 WL 5257003, at *7 (S.D.N.Y. Sept. 9, 2015).

GIBSON DUNN

The Honorable Andrew L. Carter, Jr.
July 19, 2021
Page 4

Should the Court wish to discuss any of these matters, we are available at Your convenience.

                    Respectfully,

                    */s/ Mary Beth Maloney*
                    Mary Beth Maloney

                    Gibson, Dunn & Crutcher LLP
                    200 Park Avenue
                    New York, New York 10166-0193
                    Telephone: 212-351-4000
                    Facsimile: 212-351-4035
                    MMaloney@gibsondunn.com

                    *Attorney for Defendants Abry Partners, LLC, CIFC Asset Management LLC, Apex Credit Partners LLC, Ellington Management Group, L.L.C. and Trimaran Advisors Management, L.L.C.*

cc: All counsel of record