# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

July 7, 2022

VIA ECF

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Kennedy Lewis Partners Master Fund, et al. v. Abry Partners, LLC, et al.*, 21-cv-04690

Dear Judge Carter:

We write on behalf of the Lender Defendants[1] in the above-captioned action, and in response to Plaintiffs' July 5, 2022 letter (Dkt. 57) purporting to supplement their opposition to Defendants' motions to dismiss or transfer venue which are pending before Your Honor. Plaintiffs' letter should be stricken for failure to seek permission to file a sur-reply, as required by Section II(B) of Your Honor's Individual Practices. If considered by the Court, Plaintiffs' position that the Lender Defendants' pending motion to transfer is mooted by Judge Christopher S. Sontchi's retirement from the United States Bankruptcy Court for the District of Delaware is substantively baseless and an obvious ploy to obtain rulings on motions that will be decided in due course.

As a preliminary matter, Plaintiffs do not and cannot argue that Judge Sontchi's retirement affects the numerous reasons this case should be dismissed in its entirety, ranging from claim and issue preclusion, Dkt. 48 at 13–18; Dkt. 56 at 3–5, to waiver under a governing "no-action" clause, Dkt. 48 at 18–20; Dkt. 56 at 6–7, to the failure to adequately allege basic elements of their claims, Dkt. 48 at 20–23; Dkt. 56 at 7–9.

Regardless of the Defendants' substantive arguments for dismissal, Plaintiffs' position that that the retirement of a judge in the transferee court "moots" arguments in favor of transfer is specious. First, Defendants never argued that only one particular judge was capable of deciding this matter. Irrespective of the particular judge assigned to the matter, transfer is appropriate in the alternative to dismissal because Plaintiffs' claims are "core" to the prior Delaware Bankruptcy Court proceedings and depend upon the meaning and import of the Bankruptcy Court's prior orders, which addressed the very same matters at issue here. *See*

---

[1] We represent Abry Partners, LLC; CIFC Asset Management LLC; Apex Credit Partners, LLC, Ellington Management Group, L.L.C., and Trimaran Advisors Management, L.L.C.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

GIBSON DUNN

The Honorable Andrew L. Carter, Jr.
July 7, 2022
Page 2

ECF No. 48 at 23–25, ECF No. 56 at 9–10.  While Judge Sontchi was already familiar with the facts underlying Plaintiffs' claims, there is no reason to doubt the ability of the Honorable Craig T. Goldblatt to fairly resolve this issue:  he is an experienced bankruptcy judge who regularly handles bankruptcy sales and related lender disputes and has presided over the Bankruptcy Action since March 21, 2022, gaining familiarity with the parties and issues.  *See* Dkt. 1279, Order of Reassignment of Judge, Case No. 20-12168 (Bankr. D. Del.) (attached as Exhibit A).  As a matter of prudence and respect for the Bankruptcy Court, this Court need not delve further into the complex docket of a case to resolve a matter best resolved by the same court where the issues first arose and were first litigated.

Second, Plaintiffs fail to disclose that the underlying bankruptcy case was re-assigned to Judge Goldblatt  ***nearly four months ago***, ensuring that a bankruptcy judge who is familiar with the case and the parties could seamlessly take over the matter should it be transferred back to that district and court.  *See* Dkt. 1279, Order of Reassignment of Judge, Case No. 20-12168 (Bankr. D. Del.) (attached as Exhibit A).

In sum, Judge Sontchi's retirement does not invite a different outcome in this case.  For the reasons set forth here and more fully in Defendants' briefing (Dkts. 48, 56), this Court should grant the motion to dismiss or transfer venue.

Sincerely,


/s/ *Mary Beth Maloney*
    Mary Beth Maloney

MM/ss

cc: All counsel of record (via ECF)

GIBSON DUNN